IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JERRY L. AUBREY, Reg. No. 66910-112, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | EP-18-CV-119-FM |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Jerry L. Aubrey, a prisoner confined at the La Tuna Federal Correctional Institution in Anthony, Texas,[1] challenges the calculation of his sentence through a pro se "Motion to Grant Credit for Time Served while in Federal Custody, Pursuant to Plea Agreement and Authority Pursuant to Title 18 U.S.C. Section 3582" (ECF No. 2). Aubrey claims the Bureau of Prisons denied him credit for time served from the day federal officials took him into custody on October 16, 2013, until the day the United States District Court for the Central District of California sentenced him in cause number 8:13-CR-167-1 on May 16, 2016.

The Court notes that in the federal judicial system, a petitioner may attack the manner in which his sentence is executed in the district court with jurisdiction over his custodian pursuant to a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[2] The Court accordingly construes Aubrey's pleading as a § 2241 petition.[3] However, for the reasons discussed below, the Court

---

[1] Anthony is located in El Paso County, Texas, which is within the territorial confines of the Western District of Texas. 28 U.S.C. § 124(d)(3) (2012).

[2] *Reyes-Requena v. United States*, 243 F.3d 893, 900–01 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992).

[3] *See* Order Transferring Def.'s Motion, ECF No. 1 ("Aubrey's motion is properly characterized as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He contends that

-1-

will dismiss Aubrey's petition, pursuant to 28 U.S.C. § 2243.[4]

## FAILURE TO PAY FILING FEE

Aubrey did not pay the $5.00 filing fee or submit an application to proceed in forma pauperis when he filed his pleading in the Central District of California on January 29, 2018. After the California Court transferred the matter to the Western District of Texas,[5] this Court ordered Aubrey to either pay the filing fee or submit an application to proceed in forma pauperis on or before May 14, 2018.[6] The Court warned Aubrey that his failure to comply with the Court's order within the time specified could result in the dismissal of his petition without further notice to him, pursuant to Federal Rule of Civil Procedure 41(b).[7] The Court explained "[t]his authority [under Rule 41(b)] flows from the Court's inherent power to control its docket and

---

the BOP did not give him credit "for jail time served from the date he came into federal custody, October 26, 2013 through his sentencing date of May 16, 2016." (Petition, p. 4.) His petition "challenge[s] the manner, location, or conditions of [his] sentence's execution," and thus falls under Section 2241. *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Section 2241 petitions must be brought in the jurisdiction where the defendant is in custody. *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)."). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *Cf.* Fed. Rule Civ. Proc. 8(f) ("All pleadings shall be so construed as to do substantial justice").

[4] 28 U.S.C. § 2243 (2012) ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.").

[5] *Id.*

[6] Order to Cure, ECF No. 3.

[7] *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir.1998).

prevent undue delays in the disposition of pending cases."[8]

As of this date, Aubrey has not complied with the Court's order. On this ground alone, the Court may dismiss Aubrey's petition. But there is more.

## FAILURE TO EXHAUST

In a separate order to answer questionnaire, the Court notes an initial issue which it must address in reviewing a § 2241 petition is whether the petitioner exhausted his administrative remedies.[9] This is because a federal prisoner must typically exhaust his administrative remedies before seeking habeas relief.[10] Exhaustion requires the petitioner to "fairly present all of his claims" through appropriate channels prior to pursuing federal habeas relief.[11] Exhaustion "serves the twin purposes of protecting administrative agency authority and promoting judicial efficiency."[12] "When an agency has the opportunity to correct its own errors, a judicial controversy may well be mooted, or at least piecemeal appeals may be avoided."[13] Additionally, "exhaustion of the administrative procedure may produce a useful record for subsequent judicial consideration."[14] These concerns apply with particular force "when the action under review

---

[8] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

[9] Order to Answer Questionnaire at 1, ECF No. 4.

[10] *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (addressing exhaustion in context of a § 2241 challenge by a federal prisoner to a parole decision).

[11] *See Dickerson v. Louisiana*, 816 F.2d 220, 228 (5th Cir. 1987) (addressing a § 2241 petition filed by a state pre-trial detainee).

[12] *McCarthy v. Madigan*, 503 U.S. 140, 145 (1992).

[13] *Id.* (citing *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *McKart v. United States*, 395 U.S. 185, 194 (1969)).

[14] *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975).

involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise."[15]

In the order, the Court also points out exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling."[16] However, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," the petitioner need not exhaust his administrative remedies.[17] Such exceptions to the exhaustion requirement "apply only in 'extraordinary circumstances,' and [the petitioner] bears the burden of demonstrating the futility of administrative review."[18] If a federal inmate carries his burden to demonstrate an applicable exception to the exhaustion requirement, he may obtain a merits ruling on his § 2241 petition despite a lack of exhaustion.[19]

The Court further explains in the order that the Bureau of Prisons uses a multi-tiered administrative remedy program whereby inmates can "seek formal review of an issue relating to any aspect of [their] own confinement."[20] First, the inmate must present his particular complaint to the prison staff and attempt to resolve the issue in an informal manner.[21] If the complaint

---

[15] *Id.* (citing *McKart*, 395 U.S. at 195).

[16] Order to Answer Questionnaire at 4 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 n.2 (5th Cir. 2001)).

[17] *Fuller*, 11 F.3d at 62.

[18] *Id.*

[19] *Id.*

[20] Order to Answer Questionnaire at 3 (citing 28 C.F.R. § 542.10(a)).

[21] 28 C.F.R. § 542.13(a).

cannot be resolved informally, the inmate must file a formal written administrative remedy request on a BP-9 form with the prison warden.[22] The warden has twenty days to respond, which may be extended by an additional twenty days.[23] Any adverse decision by the warden must be appealed to the appropriate regional director by filing a BP-10 form.[24] The regional director has thirty days to issue a response, which may be extended by an additional thirty days. The final step in the administrative review process is an appeal to the Office of General Counsel on a BP-11 form.[25] The General Counsel has forty days to issue a response.[26] If an inmate does not receive a response within the time allotted for a reply, he may consider the absence of a response a denial at that level and proceed to the next level.[27] An inmate may seek relief in federal court only after he has exhausted all levels of the administrative review process.[28]

The Court advised Aubrey that before it would permit him to proceed with his § 2241 petition, it would require him to file with the District Clerk, on or before May 14, 2018, his answers to a questionnaire on whether he exhausted his claims.[29]

---

[22] *Id.* § 542.14.

[23] *Id.* § 542.18.

[24] *Id.* § 542.15(a).

[25] *Id.*

[26] *Id.* § 542.18.

[27] *Id.*

[28] *See Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir. 1977) ("Only after such remedies are exhausted will the court entertain the application for relief in an appropriate case.").

[29] Order to Answer Questionnaire at 4. *Cf. Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's civil rights complaint); *Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is

In his answers to the questionnaire filed timely on May 11, 2018, Aubrey claims he submitted a BP-10 form to the appropriate regional director, but never received a response.[30] He admits he never pursued the matter further with an appeal to the Office of the General Counsel on a BP-11 form.[31] He concedes an exception to the exhaustion did not apply in his case.[32]

**CONCLUSIONS AND ORDERS**

The Court accordingly concludes that Aubrey has neither paid the $5.00 filing fee nor applied to proceed in forma pauperis. The Court further concludes that it appears from Aubrey's responses to the questionnaire that he has not exhausted his administrative remedies with the Bureau of Prisons and he is not entitled to § 2241 relief.[33] The Court, therefore, enters the following orders:

**IT IS ORDERED** that the $5.00 filing fee is **WAIVED.**

**IT IS FURTHER ORDERED** that the District Clerk shall file Jerry L. Aubrey's pro se "Motion to Grant Credit for Time Served while in Federal Custody, Pursuant to Plea Agreement and Authority Pursuant to Title 18 U.S.C. Section 3582," which the Court construes as a petition for a writ of habeas corpus under 18 U.S.C. § 2241.

**IT IS ALSO ORDERED** that Jerry L. Aubrey's petition for a writ of habeas corpus under 18 U.S.C. § 2241 and his civil cause are **DISMISSED WITHOUT PREJUDICE** for failure to

---

proper); *Watson v. Ault*, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of pro se plaintiff's complaint).

[30] Pet'r's Answers to Questionnaire at 1, ECF No. 7.

[31] *Id.*

[32] *Id.* at 2.

[33] 28 U.S.C. § 2243.

exhaust.

**IT IS FURTHER ORDERED** that all pending motions, if any, are **DENIED** as moot.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

**SO ORDERED.**

SIGNED this _18_ day of May, 2018.

**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**